**POND BROOK DEVELOPMENT, INC., Plaintiff,**

v.

**TWINSBURG TOWNSHIP, et al., Defendants.**

No. 5:98–CV–2159.

United States District Court, N.D. Ohio, Eastern Division.

Feb. 10, 1999.

Harvey A. Snider, Kenen & Snider, Solon, Dale F. Pelsozy, Bertsch, Millican & Winslow, Cleveland, OH, for Pond Brook Development, Inc., plaintiff.

Gary William Johnson, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, OH, Alfred E. Schrader, Manes, Musitano, Schrader & Assaf, Akron, OH, for Twinsburg Tp, Greg Glubber, Trustee, Thomas Schmidt, Trustee, Judith Ingram–Thigpen, Trustee, defendants.

## OPINION AND ORDER

GWIN, District Judge.

This case involves a dispute over Defendants Twinsburg Township Board of Trustees ("Twinsburg Township") decision to rezone certain property owned by the Plaintiff Pond Brook Development, Inc. ("Pond Brook"). Plaintiff sues the defendants claiming that Twinsburg Township, under color of state law, deprived Plaintiff Pond Brook of rights, privileges and immunities secured by the Constitution and laws of the United States.

In its complaint, Plaintiff Pond Brook's states three causes of action. In Count I, plaintiff alleges Defendants Twinsburg Township failed to give Pond Brook sufficient notice of a zoning change affecting its property, therefore denying Pond Brook procedural due process and equal protection of the law. In Count II, Plaintiff Pond Brook challenges the constitutionality of the Township's current zoning scheme as applied to the subject property. Pond Brook alleges that classifying its property as "residential" denies Pond Brook any economically viable use for its land. In Count III, Plaintiff Pond Brook contends that it has no effective administrative remedy under the Township's current zoning scheme. Pond Brook asks for a judgment requiring Defendant Twinsburg Township to rezone the property to "limited commercial and light industrial use," or alternatively, declaring Twinsburg Township's current zoning scheme unconstitutional.

On October 13, 1998, Defendants Twinsburg Township filed a motion to dismiss all counts of the complaint for failure to state a claim upon which relief can be granted [Doc. 4]. In their motion, defendants say Plaintiff Pond Brook's case should be dismissed because Pond Brook has not exhausted available administrative remedies. Defendants also say that despite plaintiff's claim, the Township did provide adequate notice of the zoning amendment to the extent required by law.

For the reasons that follow, the Court concludes that Plaintiff Pond Brook's claims are not ripe for adjudication. Accordingly, the Court dismisses this cause until such time Plaintiff Pond Brook has fully utilized the available administrative procedures, including making further application for a zoning change with Defendant Twinsburg Township's zoning authorities.

## I. Facts

Plaintiff Pond Brook Development, Inc. owns approximately 230 acres of land located west of Portage County, near the City of Aurora, in Ohio. Plaintiff Pond Brook purchased this property sometime in 1991, and shortly after, was granted a zoning change from "residential" to "limited commercial and light industrial." Plaintiff Pond Brook has yet to develop the property, or submit to the Township Zoning Commission a proposed plan for development.

Sometime in 1995, Defendant Twinsburg Township amended its zoning maps. Defendants made public notice of the zoning change.[1] However, Plaintiff Pond Brooks says that it was not aware of any public notice and that, irrespective of such public notice, it was entitled to direct notice under

---

1. Although Twinsburg Township has adopted the zoning amendments at issue, it appears that the Township has yet to adopt specific resolutions detailing the permitted uses for the newly rezoned districts.

Ohio law. Pond Brook contends it was entitled to direct notice because its property lies within a newly zoned district. Pond Brook says the rezoning directly affected its property by reclassifying the property again as "residential." Plaintiff urges that the "residential" classification severely inhibits the use and development of the property.

In seeking to strike down the Township's zoning scheme, Plaintiff Pond Brook argues that it should not have to again apply to the Township for a second zoning change. First, Pond Brook complains that because Defendant Twinsburg Township failed to properly notify affected landowners of the zoning change, it should not have to pursue an unnecessary administrative remedy. Second, Plaintiff Pond Brook complains that it is being asked to apply for rezoning without knowing the allowable uses for the property.

Plaintiff Pond Brook also suggests that the Township's current zoning process, as applied, deprives Pond Brook any viable use for its property. Here, the plaintiff says the property's is not suitable for residential development because the property is significantly impacted by the proximity of certain electrical poles and high tension wires, gas pipelines, gas wells, and storage tanks. The property is further subject to easements for servicing these utilities. There is also a waste water treatment plant owned by the City of Aurora located across from the property.

Defendants Twinsburg Township contend that Plaintiff Pond Brook has failed to exhaust the available administrative process before complaining to this Court. Here, the Township suggests that a decision to rezone undeveloped property is not a guarantee that the zoning status will not be changed indefinitely. The Township also suggests that Pond Brook cannot show that notice of the Township's decision to rezone certain districts was deficient. For these reasons, the defendants ask the Court to dismiss this case.

## II. Standard of Review

In considering a motion to dismiss, whether on grounds of lack of jurisdiction over the subject matter or for failure to state a cause of action, the Court accepts all factual allegations as true and construes the allegations in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). See also *U.S. ex rel. McKenzie v. Bellsouth Telecommunications, Inc.,* 123 F.3d 935 (6th Cir.1997), *cert. denied,* ——U.S. ——, 118 S.Ct. 855, 139 L.Ed.2d 755 (1998); *In re Sofamor Danek Group, Inc.,* 123 F.3d 394, 400 (6th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1675, 140 L.Ed.2d 813 (1998). A court properly grants a motion to dismiss only if it appears that the plaintiff can prove no set of facts that would entitle her to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## III. Discussion

Before addressing the merits of Plaintiff Pond Brook's claims against Defendants Twinsburg Township, the Court first determines whether this case is ripe for review. Having made this review, the Court finds that the plaintiff's claims are not ripe.

### A.

"The jurisdiction of federal courts in limited by Article III of the United States Constitution to consideration of actual cases and controversies." *Bigelow v. Michigan Dept. Natural Resources,* 970 F.2d 154, 157 (6th Cir.1992) (quoting *Adcock v. Firestone Tire & Rubber Co.,* 822 F.2d 623, 627 (6th Cir. 1987)). "Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed. This deficiency may be raised *sua sponte* if not raised by the parties." *Bigelow,* 970 F.2d at 157 (citation omitted).

The law governing due process and constitutional challenges to municipal zoning regulations is well-settled. To strike a zoning ordinance on constitutional grounds, the complaining party must show that the ordinance at issue is unreasonable and not necessary to the health, safety and welfare of the community. *Euclid v. Ambler Realty,* 272 U.S. 365, 395, 47 S.Ct. 114, 71 L.Ed. 303 (1926).

In the Sixth Circuit, the extent to which challenges to zoning ordinances are ripe for federal court review largely depends on the type of claims in the complaint. See *Nasierowski Bros. Inv. Co. v. City of Sterling Heights,* 949 F.2d 890, 894 (6th Cir.1991) (citing *Hammond v. Baldwin,* 866 F.2d 172, 176 (6th Cir.1989)). If a complaint makes claim solely for procedural due process violations, these claims are immediately cognizable and ripe for review. However, if the complaint includes additional constitutional claims, such as a taking claim, the court should review the question of ripeness. *Bigelow,* 970 F.2d at 159 (" 'Procedural due process claims arising from an alleged taking may be subject to the same ripeness requirements as the taking claim itself depending on the circumstances of the case.' ") (quoting *Harris v. County of Riverside,* 904 F.2d 497, 500 (9th Cir.1990).)

In the instant case, Plaintiff Pond Brook's complaint makes claim for more than procedural due process violations. Pond Brook asserts claims for violation of the 14th Amendment, 42 U.S.C. § 1983, and unlawful taking without due process of law. Because the complaint contains more than a procedural due process claim, this Court considers whether this case is ripe for review.

### B.

In its complaint, Plaintiff Pond Brook claims that Defendants Twinsburg Township actions violated equal protection, procedural due process, and constitute an unconstitutional taking of Pond Brook's property without due process of law. The Court decides whether it has jurisdiction over these claims.

#### (i). Plaintiff's Taking Claim

A claim that a government regulation constitutes a taking of property without due process of law will not be ripe for adjudication "until the government entity charged with implementing the regulations has reached a *final* decision regarding the application of the regulations to the property at issue." *Williamson County Regional Planning Com'n v. Hamilton Bank,* 473 U.S. 172,

186, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) (citing *Hodel v. Virginia Surface Mining & Reclamation Ass'n, Inc.,* 452 U.S. 264, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981)) (emphasis added).

In *Williamson,*[2] the United States Supreme Court defined "finality" in the context of a taking claim as including two distinct concepts. First, the challenged administrative process or decision must be final. A zoning determination cannot be deemed final until the plaintiffs have applied for, and been denied, a variance. *Id.* at 187–88, 105 S.Ct. 3108. Second, the plaintiff must have utilized state procedures for obtaining compensation. If an administrative or state process includes an adequate procedure for seeking just compensation, the property owner cannot claim a violation until it has used the procedure and, thereafter, "been denied just compensation." *Id.* at 195, 105 S.Ct. 3108.

In the instant case, Plaintiff Pond Brook fails to satisfy either of these two requirements. First, although Plaintiff Pond Brook once before applied for and received a zoning variance for the Township *before* the 1995 zoning change, the record does not show that Pond Brook has applied for a zoning change *since* the Township's zoning amendment took effect. Such an application is required before the Township zoning authority will consider rezoning plaintiff's property. Second, Plaintiff Pond Brook does not show that the administrative process is futile.

Townships and municipal bodies may enact zoning changes to property. Often, these changes affect or define the use of the property. However, changes to zoning amendments must meet the standards of due process. Zoning authorities are governed by strict guidelines that establish and set out procedures for zoning enactments, as well as the process for challenging or appealing zoning amendments. See *Rumpke Waste, Inc. v. Henderson,* 591 F.Supp. 521, 525–26 (S.D.Ohio 1984) (describing Ohio's extensive administrative procedure for modifying and approving zoning resolutions).

---

**2.** In *Williamson,* the plaintiff alleged a taking claim. The Court found that the plaintiff failed to satisfy either requirement because the plaintiff could have requested a variance from the zoning requirements, and could have filed an action for inverse condemnation to seek compensation.

■ Because zoning regulations are considered to be "legislative" in nature, and because local "legislative bodies" are better suited to determine the scope of zoning regulations, courts are hesitant to interfere with the zoning process. *Id.* at 525. In this respect, a zoning resolution or amendment likely will not violate due process if it is reasonable and substantially related to "the public health, safety, morals or general welfare." *Id.* (citing *Euclid,* 272 U.S. at 395, 47 S.Ct. 114).

In the instant case, Plaintiff Pond Brook says that being required to make a second application to the Twinsburg Zoning Commission is duplicative and should not be required. Although the Court agrees that such an effort is duplicative, the Township is well within its discretion to implement such a requirement. Inconveniences in an administrative process are not grounds for finding a zoning scheme unconstitutional. Nor should inconvenience be grounds for a party to circumvent the administrative process. This is especially true where the complaining party has not yet developed its property. See *Williamson,* 473 U.S. at 187, 105 S.Ct. 3108 (finding damages for taking claim premature where developer had not yet obtained a final decision regarding the application of a zoning ordinance to its property); *Agins v. Tiburon,* 447 U.S. 255, 260, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980) (finding a challenge to zoning ordinance was not ripe because the property owners had not yet submitted a plan for development of their property); *Penn Central Transp. Co. v. City of New York,* 438 U.S. 104, 136–37, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978) (declining to find taking where property owners had not sought approval of development plan, and it was unclear whether the zoning authority would deny approval for all uses of the property that would enable the plaintiff to derive an economic benefit).

Plaintiff Pond Brook also does not show facts that it has obtained a final decision regarding the application of the current zoning ordinance to its property. Nor does Pond Brook show facts that it has submitted for approval a plan for developing the property. Instead, Plaintiff Pond Brook complains about an inconvenient process that in fact, on prior occasion, has given the plaintiff a variance for its property.

Having reviewed the facts as presented, the Court finds that if the plaintiff was to seek administrative relief under the Township's established procedures, a mutually acceptable solution might be reached concerning Pond Brook's property. The fact there is in place an administrative remedy that may resolve this dispute confirms this Court's conclusion that Plaintiff Pond Brook's taking claim "is not ripe for judicial resolution." See *Williamson,* 473 U.S. at 187, 105 S.Ct. 3108 (quoting *Hodel v. Virginia Surface Mining & Reclamation Ass'n, Inc.,* 452 U.S. 264, 297, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981)).

Accordingly, Plaintiff Pond Brook's claim as made in the context of an "unconstitutional taking without due process of law," is not ripe and is therefore dismissed.

(ii). Equal Protection Claim

In its complaint, Plaintiff Pond Brook also claims an equal protection violation under 42 U.S.C. § 1983. Here, the plaintiff says that Defendants Twinsburg Township's current zoning scheme, as applied to Pond Brook's property, is arbitrary. More specifically, Plaintiff Pond Brooks says that it cannot apply for a rezoning of the property because the Zoning Commission has yet to decide the allowable uses for the property. Plaintiff complains that not knowing the allowable use for the property makes applying for a zoning change futile. The Court disagrees.

Where a plaintiff challenges a zoning regulation "as applied," as opposed to making a facial challenge to the regulation, courts have held that the ripeness requirements of *Williamson* apply. *Seguin v. City of Sterling Heights,* 968 F.2d 584, 588 (6th Cir.1992) (citing *Landmark Land Co. v. Buchanan,* 874 F.2d 717 (10th Cir.1989)) (*Williamson* applies to equal protection challenges to zoning regulations); *Pennell v. City of San Jose,* 485 U.S. 1, 108 S.Ct. 849, 99 L.Ed.2d 1 (1988) (dismissing "as applied" equal protection claim because plaintiffs did not identify an property taken by application of regulation).

Considering the ripeness requirements of *Williamson* as related to plaintiff's equal protection claim, the Court finds that Pond

Brook fails to show facts that the Township's 1995 zoning amendments "as applied" to Pond Brook's property, are arbitrary or discriminatory. Plaintiff Pond Brook in fact admits that the zoning authority has only adopted the amendments, and has yet to adopt resolutions detailing allowable uses of the rezoned districts. Absent any action by the defendants in this regard, the Court finds Pond Brook's "as applied" argument unpersuasive.

Because Pond Brook does not show facts that the Township's zoning decision is final, or that the current zoning scheme is futile, Pond Brook's equal protection claim is not ripe for adjudication and, accordingly, is dismissed.

### (iii). Due Process Claim

In its complaint, Plaintiff Pond Brook complains that Defendants Twinsburg Township have not afforded Pond Brook procedural due process because the Township failed to give the plaintiff direct notice of the 1995 zoning change. Plaintiff Pond Brook says it is entitled to direct notice under Ohio law, specifically Ohio Rev.Code § 519.21. The Township disagrees, saying that it gave the public notice that was required by law.

■ Standing alone, Plaintiff Pond Brook's procedural due process claim might be ripe for review. *Bigelow*, 970 F.2d at 159 (citing *Nasierowski*, 949 F.2d at 894). agency. *Id.* at 894 (citing *Hammond v. Baldwin*, 866 F.2d 172, 176 (6th Cir.1989).) However, under current Sixth Circuit law, this claim likewise is not ripe.

Plaintiff Pond Brook relies on the Sixth Circuit's decision in *Nasierowski Bros. Inv. Co. v. City of Sterling Heights*, 949 F.2d 890 (6th Cir.1991), for the proposition that procedural due process claims are immediately cognizable for federal review. In this regard, Pond Brook contends that it does not need to await a final decision by the zoning authority before bringing a claim in federal court.

In *Nasierowski*, a landowner brought a civil rights action against the City of Sterling Heights, Michigan claiming that a zoning enactment by the City changed the classification of the landowner's property. Although the property at issue was undeveloped, the landowner had commenced architectural engineering plans for site development at the time the enactment took effect. The plaintiff sued the City on procedural due process grounds, claiming that the City failed to give the plaintiff *any* notice of the zoning change. Without first seeking a variance with the City's zoning board, the plaintiff sued in federal court. The district court dismissed the case for plaintiffs' failure to first exhaust state administrative remedies.

On appeal, the Sixth Circuit reversed and remanded the case to the district court. In doing so, the Circuit explained that unlike "other constitutional grievances stemming from land use decisions, . . . a procedural due process claim is instantly cognizable in federal court without requiring a final decision on a procedural development from the responsible municipal agency."

Although Pond Brook correctly represents *Nasierowski's* holding, this Court does not find *Nasierowski* controlling. Plaintiff Pond Brook fails to discuss later Sixth Circuit decisions that either distinguish or deviate from *Nasierowski*. Significantly, *Nasierowski's* applies in cases where the plaintiff's due process claims stand alone and are not accompanied by other constitutional claims for relief. However, where a plaintiff's brings other constitutional claims in addition to the procedural due process claim, the due process claim may not be ripe. See *Ardire v. Rump*, 996 F.2d 1214 (TABLE), No. 92–4204, 1993 WL 239053 (6th Cir.1993) (per curiam) (taking and procedural due process claims not ripe); *Bigelow v. Michigan Dept. of Natural Resources*, 970 F.2d 154 (6th Cir.1992) (same); *but see Seguin*, 968 F.2d at 587–89 (taking and equal protection claims found not ripe, but procedural due process claim was).

The Sixth Circuit distinguished *Nasierowski* in *Bigelow, supra*. Like the present case, *Bigelow* involved due process and taking claims. However, unlike the *Nasierowski* case, the *Bigelow* court found that because the plaintiff's claims were ancillary to the taking claim, the procedural due process claim was subject to the 'ripeness' requirement. *Bigelow*, 970 F.2d at 157. The court stated:

The circumstances in this case, however, are quite different from those in Nasierowski, and weigh heavily in favor of subjecting the plaintiffs' procedural due process claim to the same ripeness requirements as the other claims.

    *      *      *      *      *      *

Until the state courts have ruled on the plaintiffs' inverse condemnation [just compensation] claim, this court cannot determine whether a taking has occurred, and thus cannot address the procedural due process claim with a full understanding of the relevant facts. Furthermore, addressing the plaintiff's procedural due process claim at this stage of the proceedings *would allow future plaintiffs effectively to circumvent the ripeness requirement for takings claims simply by attaching a procedural due process claim to their complaint.*

*Id.* at 159–60 (emphasis added).

A similar result was reached in by the Sixth Circuit in *Ardire, supra.* In *Ardire,* the court determined that the plaintiff's constitutional claims alleging an uncompensated taking of property and a denial of due process and an equal protection violation were not ripe. Discussing the plaintiff's due process claim, the court relied on its prior holding in *Bigelow.* The court said: "Similarly, in this case, until the Ardires [plaintiffs] have utilized the available state procedures for obtaining just compensation, it is not possible to determine the economic impact of the alleged denial of procedural due process."

*Id.* at *5 (citing *Williamson,* 473 U.S. at 191, 105 S.Ct. 3108).

Upon review of the facts as presented, this Court follows the Sixth Circuit's decisions in *Bigelow* and *Ardire* and concludes that Plaintiff Pond Brook's procedural due process claim is subject to the ripeness requirement. The Court's conclusion in this regard considers the fact that Pond Brook has available an administrative procedure that, if used, may yield a mutually agreeable result. Plaintiff Pond Brook does not show facts that utilizing the Township's current zoning procedure would be futile.

Accordingly, Plaintiff Pond Brook's procedural due process claim, like its taking and equal protection claims, is not ripe for adjudication.

### C.

    Even if this Court were to conclude that Plaintiff Pond Brook's due process claim was ripe for review (following the more limited view of *Nasierowski* ), such a claim would fail as a matter of law. In short, Plaintiff Pond Brook fails to show facts that it did not receive any notice of the Township's decision to rezone the subject property. Also, as discussed, the records shows that Plaintiff Pond Brook has yet to pursue administrative relief on municipal level *since* the time the Township implemented the zoning change. Absent these efforts, Plaintiff Pond Brook's due process claim fails.

Ohio Rev.Code § 519.12 governs amendment to zoning resolutions.[3] This provision

---

3. Ohio Rev.Code § 519.12, which governs amendments to zoning resolutions, provides in pertinent part:

    (B) If the proposed amendment intends to rezone or redistrict ten or fewer parcels of land, as listed on the county auditor's current tax list, written notice of the hearing shall be mailed by the zoning commission, by first class mail, at least ten days before the date of the public hearing to all owners of property within and contiguous to and directly across the street from such area proposed to be rezoned or redistricted to the addresses of such owners appearing on the county auditor's current tax list. . . .

    (C) If the proposed amendment intends to rezone or redistrict ten or fewer parcels of land as listed on the county auditor's current tax list, the published and mailed notices shall set forth the time, date, and place of the public hearing, and shall include all of the following:

    (1) The name of the zoning commission that will be conducting the public hearing;

    (2) A statement indicating that the motion, resolution, or application is an amendment to the zoning resolution;

    (3) A list of the addresses of all properties to be rezoned or redistricted by the proposed amendment and of the names of owners of these properties, as they appear on the county auditor's current tax list;

    (4) The present zoning classification of property named in the proposed amendment and the proposed amendment and the proposed zoning classification of such property;

    (5) The time and place where the motion, resolution, or application proposing to amend

contains language applicable to zoning changes in two categories: (1) amendments affecting *ten or fewer* parcels of land, and (2) changes affecting *more than ten* parcels of land. If *more than ten* parcels are affected by a zoning change, the statute requires only public notice of related hearings, and not direct mail notice. If the zoning amendment affects *ten or fewer* parcels, the statute requires that written notice of related hearings be mailed to "all owners of property within the and contiguous to and directly across the street from such area proposed to be rezoned." [4]

Upon review of the record, the Court finds that Plaintiff Pond Brook fail to show facts that it never received "notice" of the defendants proposal to rezone the subject property. Instead, Plaintiff Pond Brook avers, as supported by the affidavit of Mr. Rinardo Constantino, only that it did not receive "direct" or "private notice." [5] In his affidavit, Mr. Constantino says that "Pond Brook Development received no notification from the Township indicating its intent to act upon a rezoning of Affiant's property although its address has remained the same since its inception and was the same address used in ... previous mailings and notifications." Affidavit at ¶ 6.

These facts only show that Plaintiff Pond Brook expected direct notification, despite the fact that the Township may only be required to provide notice by publication under Ohio Rev.Code § 519.12(D). Mr. Constantino's affidavit does not show that Plaintiff Pond Brook did not receive notice by publication. This fact is important because such evidence impacts the plaintiff's standing, at this stage, to assert a procedural due process claim.

Further, the Court finds that Plaintiff Pond Brook fails to give facts showing that, indeed, less than ten parcels of land were affected by Defendants Twinsburg Township's rezoning amendments. Here again, Pond Brook gives the affidavit of Mr. Constantino wherein he states that "although the zoning map adopted purports to rezone numerous parcels, that upon information and belief the effective zoning included less than ten parcels of property as the said zoning map did not change the zoning of other properties included." Affidavit at ¶ 5.

These facts do not show that Plaintiff Pond Brook is entitled to relief under § 519.12(B) or (C). Rather, Plaintiff Pond Brook fails to give facts showing that no more than ten parcels were affected by the zoning amendments. Furthermore, even if Pond Brook could show that ten or fewer parcels were affected, thus invoking § 519.12(B) or (C), the Township Zoning Commission's failure to provide "direct mail" notice is not dispositive of this matter. Section § 519.12(C) only requires substantial compliance.

The general purpose of the "notice" requirements contained in § 519.12 are to provide notice to interested parties. See *Andrews v. Diefenbach*, 175 Ohio St. 120, 122, 191 N.E.2d 815 (1963) (per curiam); *Brian C. Curtis v. Geneva Tp. Trustees*, No. 95–A–0019, 1996 WL 648981, at *3 (Ohio App.11th Dist. June 14, 1996) (quoting *Andrews, supra*); *All Erection & Crane Rental Corp. v. Painesville Tp. Bd. of Trustees*, No. 95–L–190, 1996 WL 537855, at *2 (Ohio App. 11th Dist. Sept. 23, 1996) (same). The form of notice is less of an issue than is whether notice was received.

the zoning resolution will be available for examination for a period of at least ten days prior to the public hearing;
(6) The name of the person responsible for giving notice of the public hearing by publication or by mail, or by both publication and mail;
(7) Any other information requested by the zoning commission;
(8) A statement that after the conclusion of such hearing the matter will be submitted to the board of township trustees for its action.
(D) If the proposed amendment alter the text of the zoning resolution, or rezones or redis-

tricts more than ten parcels of land, as listed on the county auditor's current tax list, the published notice shall set forth the time, date, and place of the public hearing, and shall include ....
Ohio Rev.Code § 519.12(B), (C) and (D).

**4.** *See* Ohio Rev.Code § 519.12(B), (C) and (F) (ten or fewer parcels); § 519.12(D) and (G) (more than ten parcels).

**5.** Rinardo Constantino is a principal and shareholder of Pond Brook Development, Inc.

Upon review of the record, the Court finds that under Ohio Rev.Code § 519.12, Defendant Twinsburg Township only is required to private notice to landowners if the change affects ten or fewer parcels. Plaintiff Pond Brook fails to show that amendments to the zoning map did not affect more than ten parcels. Absent such a showing, and absent facts that Pond Brook did not receive notice of the zoning amendments at all, the Court concludes the defendants complied with the notice requirements of Ohio Rev.Code § 519.12.

### IV. Conclusion

For the reasons herein, the Court finds that the plaintiff's claims are not ripe. Accordingly, the Court grants the defendants' motion and dismisses this cause without prejudice.

IT IS SO ORDERED.

### ORDER

The Court has entered its opinion and order of decision in the above-captioned matter. For the reasons therein, the Court finds that Plaintiff Pond Brook's claims are not ripe. Therefore, the Court grants Defendants Twinsburg Township's motion [Doc. 4] and dismisses this cause without prejudice.

Accordingly, this action is terminated pursuant to Fed.R.Civ.P. 58.